## BRODSKY v. KRONENBERG et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1911.)

1. MASTER AND SERVANT (§ 264*)—INJURY TO EMPLOYÉ—PLEADING—NEGLIGENCE.

   Where an employé, injured by the sudden starting of a rotary saw which he was oiling, pleaded that it started owing to the defective and dangerous condition of the machine, and without his intervention or any warning to him, he could not recover on the theory that, not having been warned of the presence of a belt shifter used to start the machine, he may have touched it and thus started the saw.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 870-876; Dec. Dig. § 264.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO EMPLOYÉ—CAUSE.

   One injured by the sudden starting of a rotary saw, which he was oiling, cannot recover, when the cause of the starting is speculative.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 881, 898; Dec. Dig. § 265.*]

Appeal from Trial Term, Kings County.

Action by Abraham Brodsky against Morris Kronenberg and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial granted.

See, also, 126 N. Y. Supp. 1123.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Paul Grout (F. Sidney Williams, on the brief), for appellants.
Jacob Manheim, for respondent.

WOODWARD, J. The complaint alleged that on the 9th day of July, 1907, plaintiff was employed as an assistant and laborer in the defendants' sash and blind factory, and that, while so employed, he was directed by the defendants to unscrew a certain screw connected with a lumber saw machine owned, operated, and controlled, and used and employed by the defendants in their business, for the purpose of cutting lumber, and, after unscrewing the same, to pour oil into the cavity; that plaintiff was a new hand at the said machine or apparatus, and unfamiliar therewith, which fact, before the occurrence hereinafter set forth, was known to the defendants, and that it was the duty of the defendants to instruct the plaintiff in the use and operation of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the said machine or apparatus, and in the manner of unscrewing portions thereof, and of unscrewing the aforesaid screw, and of oiling the same, and to warn the plaintiff of the dangers of using and handling the same, and that the defendants did not so instruct and warn the plaintiff; that the said machine or apparatus at the time aforesaid was in a defective, unsafe, and dangerous condition, and, upon information and belief, that the defendants had knowledge and due notice of such condition at said time; that the plaintiff, in pursuance of defendants' direction and request, proceeded to unscrew the screw in the aforesaid machine or apparatus, and while the plaintiff was engaged in unscrewing the same, owing to the defective, unsafe, and dangerous condition of the said machine or apparatus, and without any act or intervention on the part of or warning to the plaintiff, the said saw machine or apparatus suddenly started in operation, and the large circular disc blade thereof started, and continued rotating with great speed and force against the plaintiff's right arm, above the elbow thereof, severing and cutting off the entire right hand, forearm, and a portion of the arm of the plaintiff; that the plaintiff was entirely free from any fault or negligence on his part in any of the matters and things heretofore referred to, and that the aforesaid occurrence and injuries to the plaintiff were caused entirely, solely, and only by reason of the recklessness, carelessness, and negligence of the defendants in the manner as aforesaid.

[1] The evidence in support of these allegations was to the effect that the plaintiff was a foreigner; that he came to this country in 1906, and was employed by the defendants as a common laborer, engaged in carrying boards, etc., about the mill; that he had had two increases in wages, and was drawing $8 per week at the time of the accident in July, 1907; that on the date mentioned one of the defendants told plaintiff to oil up a piece of machinery, which consisted of a small circular saw operated by a countershaft from the main shaft in the factory through a table, the saw projecting two or three inches above the surface of the table and eight or ten inches below the top of the table; that plaintiff told defendant that he did not know how to do the oiling, and that defendant told him to go to the engineer, one Isidor Weiner, and that the latter would instruct him; that plaintiff did as directed, and that Weiner showed him, by getting down under the table and pointing out a screw, and told plaintiff to take off the screw top and place the oil in the cup underneath; that on the day of the accident the plaintiff crawled under the table and unscrewed the top, when the machine started, with the result as stated in the complaint. There is not a particle of evidence to be found in the case that the machine was defective in any manner, or that it started by reason of any such defect. The evidence was to the effect that the machine had been equipped with a shifting device, consisting of a strip of board two or three inches wide and about one inch thick, which extended from the front of the machine, beneath the table top, to the countershaft at the rear of the machine, where it shifted the belt from a loose to a tight pulley and vice versa, at the will of the operator; but there is no suggestion that this was not a

proper shifting device, or that it was in any manner defective, or that it had ever operated in any other way than as was intended.

The suggestion of defect in the machinery was entirely abandoned at the trial, and the case was submitted to the jury apparently upon the theory that the plaintiff, not having been warned of the presence of this shifting device, may have touched it in some way while engaged in the work of oiling the machine, and that this operated to start the machine. But this theory entirely negatives the material allegations of the complaint. The complaint alleges that "the said machine or apparatus at the time aforesaid was in a defective, unsafe, and dangerous condition," and the allegation of a failure to warn the plaintiff, or to give him instructions, was made in connection with the allegation that the machine was in a "defective, unsafe, and dangerous condition," while the actionable negligence is that "while the plaintiff was engaged in unscrewing the same, owing to the defective, unsafe, and dangerous condition of the said machine or apparatus, and without any act or intervention on the part of or warning to the plaintiff," the machine started. If there was no "act or intervention on the part" of the plaintiff, then the machine could not have been started by reason of his coming into contact with the shifting device, and not only does the evidence not support the allegation of the complaint that the accident was due to the defective condition of the machine, but it also fails to show that the machine started without any act on the part of the plaintiff. Indeed, there is no evidence whatever of what caused the machine to start. For all that appears in the evidence, the shifting device may have been operated by any one of the several persons who were employed in the immediate vicinity of the accident.

The plaintiff seeks to conform the pleadings by construction to the theory on which the case appears to have been submitted to the jury, by emphasizing the declaration of the complaint that the machine was dangerous, dropping out the other words in connection therewith; but the complaint is not capable of being construed into a declaration that the machine was dangerous in and of itself, in any way different from the obvious fact that any circular saw is dangerous in operation. The allegation is not of the machine itself, but of its condition. The language is that, "owing to the defective, unsafe, and dangerous condition" of the machine, the accident happened, and no word or syllable of the evidence can be found to sustain this allegation. The machine, so far as appears, was in perfect condition, and, as a machine in perfect condition does not start without some adequate cause, it must be assumed, either that some one of the fellow servants of the plaintiff, or the plaintiff himself, caused the shifting apparatus to transfer the belt from the loose to the tight pulley, starting the saw. If the plaintiff did it, then the evidence clearly does not support the allegation of the complaint that, "owing to the defective, unsafe, and dangerous condition of the said machine or apparatus, *and without any act or intervention on the part of or warning to the plaintiff*," the machine was started. If the plaintiff's contact with the shifting device started the machinery, it would tend to show that the machine was *not* in a

defective condition, but that it operated after the law of its being; and the plaintiff, even though unconscious of the fact, would be the intervening cause of the accident.

[2] But the plaintiff does not know, and we do not know, a single thing about what caused the machinery to start. It is all speculation. If the machinery was not defective, and the evidence does not show that it was, then it may be presumed that it did not start without some one intervening. The plaintiff says he did not intervene, and the evidence is as consistent with this declaration as it is with the surmise that he did intervene, even though unconsciously. If plaintiff did not intervene, then there was some other adequate moving cause, and there is no evidence of what this was, and we have no right to charge the defendants with liability upon any such basis. The proximate cause of the accident was not any action of the plaintiff in unscrewing the top of the oil cup, or in the failure of the defendants to warn him of the dangers attending the operation of a machine in a "defective, unsafe, and dangerous condition," but is to be found in the unexplained starting of a machine in perfect condition, and until some fact is shown to charge the defendants with responsibility for this starting, they are not liable to the plaintiff. There was a clear failure on the part of the plaintiff to establish the cause of action alleged in the complaint, and it was error to submit to the jury a mere speculative theory of the accident at variance with the complaint, and without affirmative support in the evidence.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.